IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:01cr187(JCC) |
| | ) | |
| CAROL HENSON WATSON, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on the defendant's
motion for modification of sentence pursuant to 18 U.S.C. §
3582(c)(2).  For reasons set forth below, the motion will be
denied.

Defendant Carol Henson Watson, Jr. ("Watson") was
indicted on two counts: Count I, distribution of cocaine base, a
violation of 21 U.S.C. § 841(a)(1); and Count II, possession with
intent to distribute 50 grams or more of cocaine base, a
violation of 21 U.S.C. § 841(a)(1).  On November 20, 2001, Watson
pled guilty to Count II of the Indictment.  Count I was
dismissed.

On January 18, 2002, Watson was committed to the Bureau
of Prisons for 151 months, five years supervised release, with a
special condition of supervision that he participate in a program
for substance abuse.

Watson's offense level of 31 and criminal history category of IV resulted in a guideline range of 151-188 months. Title 18, United States Code, section 3582(c)(2) provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In regards to the Sentencing Commission lowering the sentencing range, 28 U.S.C. § 994(0) provides:

> The Commission periodically shall review and revise, in consideration of comments and data coming to its attention, the guidelines promulgated pursuant to the provisions of this section. In fulfilling its duties and in exercising its powers, the Commission shall consult with authorities on, and individual and institutional representatives of, various aspects of the Federal criminal justice system. The United States Probation System, the Bureau of Prisons, the Judicial Conference of the United States, the Criminal Division of the United States Department of Justice, and a representative of the Federal Public Defenders shall
submit to the Commission any observations, comments, or questions pertinent to the work of the Commission whenever they believe such communication would be useful, and shall, at least annually, submit to the Commission a written report commenting on the operation of the Commission's guidelines, suggesting changes in the guidelines that appear to be warranted, and otherwise assessing the Commission's work.

The defendant's sentence was based upon sentencing guidelines set forth in section 2D1.1, Drug Quantity.  The offense of conviction carried a 120 month mandatory minimum sentence.  The Sentencing Guidelines range for drug offenses has

not been lowered by the Sentencing Commission.   Watson relies on *United States v. Booker* and *United States v. Fanfan*, 125 S. Ct. 738 (2005).   These cases do not support his argument.

The Supreme Court's holding in *Booker* provides that the Sentencing Guidelines are now advisory as opposed to mandatory and the court is required to consider the fectors set forth in 18 U.S.C. 3553(a).   Were the Guidelines advisory at the time the Court sentenced Watson on November 20, 2001, the Court would have given him the same sentence as called for by the Guidelines.

Accordingly, the defendant's motion will be denied.

May  9, 2005                                  /James C. Cacheris/
Alexandria, Virginia            UNITED STATES DISTRICT COURT JUDGE